Helen F. Dalton & Associates, P.C.
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ELIHU ROMERO, SAMUEL LEON, NELSON ELIAS DIAZ, FRANCISCO TENEZACA, FRANCISCO AGUILAR, FERNANDO OLEA, JHON SPENCER, REYNALDO ARIZA BARRIOS, SERGIO AVILA LOPEZ, and FERNANDO ARELLANO individually and on behalf of all others similarly situated,

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs,

**JURY TRIAL DEMANDED**

-against-

RSK CONSTRUCTION, INC., REAL INNOVATIVE CONSTRUCTION, LLC, and MARK MCCARTHY, ANDY MORALES, and CARLOS MORALES, as individuals,

Defendants.

-------------------------------------------------------------------X

Plaintiffs, **ELIHU ROMERO, SAMUEL LEON, NELSON ELIAS DIAZ, FRANCISCO TENEZACA, FRANCISCO AGUILAR, FERNANDO OLEA, JHON SPENCER, REYNALDO ARIZA BARRIOS, SERGIO AVILA LOPEZ, and FERNANDO ARELLANO individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, **ELIHU ROMERO, SAMUEL LEON, NELSON ELIAS DIAZ, FRANCISCO TENEZACA, FRANCISCO AGUILAR, FERNANDO OLEA, JHON SPENCER, REYNALDO ARIZA BARRIOS, SERGIO AVILA LOPEZ,**

1

and **FERNANDO ARELLANO individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **RSK CONSTRUCTION, INC., REAL INNOVATIVE CONSTRUCTION, LLC, and MARK MCCARTHY, ANDY MORALES, and CARLOS MORALES, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state overtime wage and minimum wage laws arising out of Plaintiffs' employment for Defendants at 164 West 74th Street, New York, New York 10023.

2. Plaintiff ELIHU ROMERO was employed by Defendants as a rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

3. Plaintiff SAMUEL LEON was employed by Defendants as a rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

4. Plaintiff NELSON ELIAS DIAZ was employed by Defendants as a carpenter, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

5. Plaintiff FRANCISCO TENEZACA was employed by Defendants as a rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

6. Plaintiff FRANCISCO AGUILAR was employed by Defendants as a carpenter, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

7. Plaintiff FERNANDO OLEA was employed by Defendants as a rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

8. Plaintiff JHON SPENCER was employed by Defendants as a carpenter, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

9. Plaintiff REYNALDO ARIZA BARRIOS was employed by Defendants as a rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

10. Plaintiff SERGIO AVILA LOPEZ was employed by Defendants as a rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

11. Plaintiff FERNANDO ARELLANO was employed by Defendants as a rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023.

12. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

14. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

15. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

16. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

17. Plaintiff, ELIHU ROMERO, residing at 3038 Wallace Avenue, Bronx, New York 10407, was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

18. Plaintiff, SAMUEL LEON, residing at 1633 76th Street, Brooklyn, New York 11214, was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

19. Plaintiff, NELSON ELIAS DIAZ, residing at 217 48th Street, Union City, New Jersey 07087, was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

20. Plaintiff, FRANCISCO TENEZACA, residing at 1138 Elder Avenue, Bronx, New York 10472, was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

21. Plaintiff, FRANCISCO AGUILAR, residing at 35-64 90th Street, Jackson Heights, New York 11372, was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

22. Plaintiff, FERNANDO OLEA, residing at 240 Hyland Boulevard, Staten Island, New York 10314, was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

23. Plaintiff, JHON SPENCER, residing at 812 Vine Street, Elizabeth, New Jersey 07202, was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 in May 2018.

24. Plaintiff, REYNALDO ARIZA BARRIOS, residing at 111-61 44th Avenue, Corona, New York 11368 was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

25. Plaintiff, SERGIO AVILA LOPEZ, residing at 1255 Wilder Avenue, Bronx, New York 10454, was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

26. Plaintiff, FERNANDO ARELLANO, residing at 1852 67th Street, Brooklyn, New York 11204, was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

27. Upon information and belief, Defendant, RSK CONSTRUCTION, INC., is a corporation organized under the laws of New York with a principal executive office at 5 Seminary Avenue, Suite 4, Yonkers, New York 10704.

28. Upon information and belief, Defendant, RSK CONSTRUCTION, INC., is a corporation authorized to do business under the laws of New York.

29. Upon information and belief, Defendant MARK MCCARTHY owns and/or operates RSK CONSTRUCTION, INC.

30. Upon information and belief, Defendant MARK MCCARTHY manages RSK CONSTRUCTION, INC.

31. Upon information and belief, Defendant MARK MCCARTHY is the Chairman of the Board of RSK CONSTRUCTION, INC.

32. Upon information and belief, Defendant MARK MCCARTHY is the Chief Executive Officer of RSK CONSTRUCTION, INC.

33. Upon information and belief, Defendant MARK MCCARTHY is an agent of RSK CONSTRUCTION, INC.

34. Upon information and belief, Defendant MARK MCCARTHY has power over personnel decisions at RSK CONSTRUCTION, INC.

35. Upon information and belief, Defendant MARK MCCARTHY has power over payroll decisions at RSK CONSTRUCTION, INC.

36. Defendant MARK MCCARTHY has the power to hire and fire employees at RSK CONSTRUCTION, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

37. Upon information and belief, Defendant, REAL INNOVATIVE CONSTRUCTION, LLC, is a corporation organized under the laws of New York with a principal executive office at 205 Valentine Lane, Apartment 2N, Yonkers, New York 10705.

38. Upon information and belief, Defendant, REAL INNOVATIVE CONSTRUCTION, LLC., is a corporation authorized to do business under the laws of New York.

39. Upon information and belief, Defendant ANDY MORALES owns and/or operates REAL INNOVATIVE CONSTRUCTION, LLC.

40. Upon information and belief, Defendant ANDY MORALES manages REAL INNOVATIVE CONSTRUCTION, LLC.

41. Upon information and belief, Defendant ANDY MORALES is the Chairman of the Board of REAL INNOVATIVE CONSTRUCTION, LLC.

42. Upon information and belief, Defendant ANDY MORALES is the Chief Executive Officer of REAL INNOVATIVE CONSTRUCTION, LLC.

43. Upon information and belief, Defendant ANDY MORALES is an agent of REAL INNOVATIVE CONSTRUCTION, LLC.

44. Upon information and belief, Defendant ANDY MORALES has power over personnel decisions at REAL INNOVATIVE CONSTRUCTION, LLC.

45. Upon information and belief, Defendant ANDY MORALES has power over payroll decisions at REAL INNOVATIVE CONSTRUCTION, LLC.

46. Defendant ANDY MORALES has the power to hire and fire employees at REAL INNOVATIVE CONSTRUCTION, LLC., establish and pay their wages, set their work schedule, and maintains their employment records.

47. Upon information and belief, Defendant CARLOS MORALES owns and/or operates REAL INNOVATIVE CONSTRUCTION, LLC.

48. Upon information and belief, Defendant CARLOS MORALES manages REAL INNOVATIVE CONSTRUCTION, LLC.

49. Upon information and belief, Defendant CARLOS MORALES is the Chairman of the Board of REAL INNOVATIVE CONSTRUCTION, LLC.

50. Upon information and belief, Defendant CARLOS MORALES is the Chief Executive Officer of REAL INNOVATIVE CONSTRUCTION, LLC.

51. Upon information and belief, Defendant CARLOS MORALES is an agent of REAL INNOVATIVE CONSTRUCTION, LLC.

52. Upon information and belief, Defendant CARLOS MORALES has power over personnel decisions at REAL INNOVATIVE CONSTRUCTION, LLC.

53. Upon information and belief, Defendant CARLOS MORALES has power over payroll decisions at REAL INNOVATIVE CONSTRUCTION, LLC.

54. Defendant CARLOS MORALES has the power to hire and fire employees at REAL INNOVATIVE CONSTRUCTION, LLC., establish and pay their wages, set their work schedule, and maintains their employment records.

55. During all relevant times herein, Defendant MARK MCCARTHY was Plaintiffs' employer within the meaning of the FLSA and NYLL.

56. During all relevant times herein, Defendant ANDY MORALES was Plaintiffs' employer within the meaning of the FLSA and NYLL.

57. During all relevant times herein, Defendant CARLOS MORALES was Plaintiffs' employer within the meaning of the FLSA and NYLL.

58. Upon information and belief, RSK CONSTRUCTION, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

59. Upon information and belief, REAL INNOVATIVE CONSTRUCTION, LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

60. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

61. At all times relevant to this action, Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiff.

## STATEMENT OF FACTS

62. Plaintiff ELIHU ROMERO was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

63. Plaintiff ELIHU ROMERO was employed by Defendants as rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

64. Plaintiff ELIHU ROMERO worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

65. Plaintiff ELIHU ROMERO was paid by Defendants approximately $60.00 per hour from in or around April 2018 until in or around June 2018.

66. Although Plaintiff ELIHU ROMERO worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

67. Defendants also regularly subtracted $500.00 a week from Plaintiff ELIHU ROMERO's pay without explanation.

68. Furthermore, Defendants owe Plaintiff ELIHU ROMERO forty-seven (47) hours of unpaid work from in or around May 25, 2018 to in or around May 30, 2018.

69. Plaintiff SAMUEL LEON was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

70. Plaintiff SAMUEL LEON was employed by Defendants as rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

71. Plaintiff SAMUEL LEON worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

72. Plaintiff SAMUEL LEON was paid by Defendants approximately $25.00 per hour from in or around April 2018 until in or around June 2018.

73. Although Plaintiff SAMUEL LEON worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

74. Defendants also regularly subtracted $500.00 a week from Plaintiff SAMUEL LEON's pay without explanation.

75. Plaintiff NELSON ELIAS DIAZ was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

76. Plaintiff NELSON ELIAS DIAZ was employed by Defendants as carpenter, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

77. Plaintiff NELSON ELIAS DIAZ worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

78. Plaintiff NELSON ELIAS DIAZ was paid by Defendants approximately $25.00 per hour from in or around April 2018 until in or around June 2018.

79. Although Plaintiff NELSON ELIAS DIAZ worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

80. Defendants also regularly subtracted $500.00 a week from Plaintiff NELSON ELIAS DIAZ's pay without explanation.

81. Plaintiff FRANCISCO TENEZACA was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

82. Plaintiff FRANCISCO TENEZACA was employed by Defendants as rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

83. Plaintiff FRANCISCO TENEZACA worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

84. Plaintiff FRANCISCO TENEZACA was paid by Defendants approximately $25.00 per hour from in or around April 2018 until in or around June 2018.

85. Although Plaintiff FRANCISCO TENEZACA worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

86. Defendants also regularly subtracted $500.00 a week from Plaintiff FRANCISCO TENEZACA's pay without explanation.

87. Plaintiff FRANCISCO AGUILAR was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

88. Plaintiff FRANCISCO AGUILAR was employed by Defendants as carpenter, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

89. Plaintiff FRANCISCO AGUILAR worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

90. Plaintiff FRANCISCO AGUILAR was paid by Defendants approximately $32.00 per hour from in or around April 2018 until in or around June 2018.

91. Although Plaintiff FRANCISCO AGUILAR worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay

Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

92. Defendants also regularly subtracted $500.00 a week from Plaintiff FRANCISCO AGUILAR's pay without explanation.

93. Plaintiff FERNANDO OLEA was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

94. Plaintiff FERNANDO OLEA was employed by Defendants as rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

95. Plaintiff FERNANDO OLEA worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

96. Plaintiff FERNANDO OLEA was paid by Defendants approximately $25.00 per hour from in or around April 2018 until in or around June 2018.

97. Although Plaintiff FERNANDO OLEA worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

98. Defendants also regularly subtracted $500.00 a week from Plaintiff FERNANDO OLEA's pay without explanation.

99. Plaintiff JHON SPENCER was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 in or around May 2018.

100. Plaintiff JHON SPENCER was employed by Defendants as carpenter, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, in or around May 2018.

101. Plaintiff JHON SPENCER worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, in or around May 2018.

102.   Plaintiff JHON SPENCER was paid by Defendants approximately $25.00 per hour in or around May 2018.

103.   Although Plaintiff JHON SPENCER worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

104.   Defendants also regularly subtracted $500.00 a week from Plaintiff JHON SPENCER's pay without explanation.

105.   Furthermore, Defendants owe Plaintiff JHON SPENCER approximately thirty-six (36) hours of unpaid work from his last week of work.

106.   Plaintiff REYNALDO ARIZA BARRIOS was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

107.   Plaintiff REYNALDO ARIZA BARRIOS was employed by Defendants as rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

108.   Plaintiff REYNALDO ARIZA BARRIOS worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

109.   Plaintiff REYNALDO ARIZA BARRIOS was paid by Defendants approximately $25.00 per hour from in or around April 2018 until in or around June 2018.

110.   Although Plaintiff REYNALDO ARIZA BARRIOS worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

111.   Defendants also regularly subtracted $500.00 a week from Plaintiff REYNALDO ARIZA BARRIOS's pay without explanation.

112.   Plaintiff SERGIO AVILA LOPEZ was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

113.   Plaintiff SERGIO AVILA LOPEZ was employed by Defendants as rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

114.   Plaintiff SERGIO AVILA LOPEZ worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

115.   Plaintiff SERGIO AVILA LOPEZ was paid by Defendants approximately $40.00 per hour from in or around April 2018 until in or around June 2018.

116.   Although Plaintiff SERGIO AVILA LOPEZ worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

117.   Defendants also regularly subtracted $500.00 a week from Plaintiff SERGIO AVILA LOPEZ's pay without explanation.

118.   Plaintiff FERNANDO ARELLANO was employed by Defendants at a construction site located at 164 West 74th Street, New York, New York 10023 from in or around April 2018 until in or around June 2018.

119.   Plaintiff FERNANDO ARELLANO was employed by Defendants as rebar worker, construction worker and laborer, while performing other miscellaneous tasks, at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

120.   Plaintiff FERNANDO ARELLANO worked approximately sixty-three (63) hours or more per week for Defendants at a construction site located at 164 West 74th Street, New York, New York 10023, from in or around April 2018 until in or around June 2018.

121.    Plaintiff FERNANDO ARELLANO was paid by Defendants approximately $25.00 per hour from in or around April 2018 until in or around June 2018.

122.    Although Plaintiff FERNANDO ARELLANO worked approximately sixty-three (63) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

123.    Defendants also regularly subtracted $500.00 a week from Plaintiff FERNANDO ARELLANO's pay without explanation.

124.    Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

125.    Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

126.    As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.  Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

127.    Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

128.    Collective Class: All persons who are or have been employed by the Defendants at the 164 West 74th Street, New York, New York 10023 construction site as construction workers, rebar workers, carpenters and laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

129.   Upon information and belief, Defendants employed over 50 employees within the past year subjected to similar payment structures.

130.   Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

131.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

132.   Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and that Plaintiffs were paid below the applicable minimum wage.

133.   Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

134.   Defendants are jointly and severally liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.   There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and/or proper minimum wage in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.   Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

135.   The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

136.   The claims of Plaintiffs are typical of the claims of the putative class.

137.   Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

**FIRST CAUSE OF ACTION**

**Overtime Wages Under The Fair Labor Standards Act**

138.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

139.   Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

140.   At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

141.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

142.   Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

143.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

144.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

145.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

146.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

147.   Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

148.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as

well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Unpaid Wages Under The Fair Labor Standards Act

149.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

150.    Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

151.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

152.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

153.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

154.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

155.    Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

156.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

157. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

158. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

159. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

160. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

161. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

162. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Forest Hills, New York
This 15th day of August 2018.

By: _____
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIHU ROMERO, SAMUEL LEON, NELSON ELIAS DIAZ, FRANCISCO TENEZACA, FRANCISCO AGUILAR, FERNANDO OLEA, JHON SPENCER, REYNALDO ARIZA BARRIOS, SERGIO AVILA LOPEZ, and FERNANDO ARELLANO individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

RSK CONSTRUCTION, INC., REAL INNOVATIVE CONSTRUCTION, LLC, and MARK MCCARTHY, ANDY MORALES, and CARLOS MORALES, as individuals,

Defendants.

COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**RSK CONSTRUCTION, INC.**
**5 Seminary Avenue,**
**Suite 4**
**Yonkers, New York 10704**

**REAL INNOVATIVE CONSTRUCTION, LLC**
**205 Valentine Lane**
**Apartment 2N**
**Yonkers, New York 10705**

**MARK MCCARTHY**
**5 Seminary Avenue,**
**Suite 4**
**Yonkers, New York 10704**

**ANDY MORALES**
**205 Valentine Lane**
**Apartment 2N**
**Yonkers, New York 10705**

**CARLOS MORALES**
**205 Valentine Lane**
**Apartment 2N**
**Yonkers, New York 10705**