UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIHU ROMERO, SAMUEL LEON, NELSON ELIAS DIAZ, FRANCISCO TENEZACA, FRANCISCO AGUILAR, FERNANDO OLEA, JHON SPENCER, REYNALDO ARIZA BARRIOS, SERGIO AVILA LOPEZ, FERNANDO ARELLANO, and GREBIL MORENO individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

REAL INNOVATIVE CONSTRUCTION, LLC, ECI CONTRACTING, LLC, and ANDY MORALES, CARLOS MORALES, and KIERAN KEAVENEY, as individuals,

    Defendants.

Index No.: 18 Civ. 7424 (VEC)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' ECI CONTRACTING, LLC'S, AND KIERAN KEAVENEY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) AND/OR 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

JACKSON LEWIS P.C.

*ATTORNEYS FOR DEFENDANTS ECI CONTRACTING LLC and KIERAN KEAVENEY*
666 Third Avenue
New York, New York 10017
(212) 545-4000

Attorney of Record:
    Adam S. Gross, Esq.
    Godfre O. Blackman, Esq.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i
TABLE OF AUTHORITIES ........................................................................................................ ii
PRELIMINARY STATEMENT ................................................................................................... 1
SUMMARY OF ALLEGATIONS ................................................................................................ 1
ARGUMENT .................................................................................................................................. 2
    I.    LEGAL STANDARD ....................................................................................................... 2
    II.    PLAINTIFFS' AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST DEFENDANTS UNDER THE FLSA OR NYLL. .................................................................................................. 3
        A.    Plaintiffs' Amended Complaint Fails to Allege Facts Sufficient to State a Claim That Defendants Were Their Employer or Joint Employer. ......... 3
            i.    Employer Standard Under the FLSA and NYLL. .......................... 3
            ii.    Plaintiffs do Not Allege Facts to Satisfy the Employer Standard as to Defendants. ............................................................................ 5
CONCLUSION ............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 2, 3

*Barfield v. N.Y.C. Health and Hosps. Corp.*,
   537 F.3d 132 (2d Cir. 2008) .......................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................................3

*Cannon v. Douglas Elliman, LLC*,
   No. 06 Civ 7092 (NRB), 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10,
   2007) ...................................................................................................................................... 5, 9

*Carter v. Dutchess Cmty. Coll.*,

   735 F.2d 8, 12 (2d Cir. 1984) .....................................................................................................4

*Diaz v. Consortium for Worker Educ., Inc.*,
   No. 10 Civ. 08148 (LAP), 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. 2010) ....................... 5, 8

*Herman v. RSR Sec. Servs.*,
   172 F.3d 132 (2d Cir. 1999) .......................................................................................................4

*Lopez v. Acme Am. Envtl. Co.*,
   No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6,
   2012) ................................................................................................................................. passim

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
   711 F.3d 106 (2d Cir. 2013) .......................................................................................................3

*Nakahata v. N.Y.-Presbyterian Healthcare Sys.*,
   11-cv-6658 (PAC), 11-cv-6657 (PAC), 11-cv-6366 (PAC), 2012 U.S. Dist.
   LEXIS 127824 at * 34 (S.D.N.Y. Sep. 6, 2012) ..................................................................... 7, 9

*N.Y. State Court Clerks Ass'n v. Unified Court Sys. of N.Y.*,
   25 F. Supp. 3d 459 (S.D.N.Y. 2014) ..........................................................................................7

*Sampson v. MediSys Health Network, Inc.*,
   No. 10 Civ. 1342, 2012 U.S. Dist. LEXIS 103052 (E.D.N.Y. July 24, 2012) ....................... 5, 8

*Santana v. Fishlegs, LLC*
   No. 13 Civ 01628 (LGS) 2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov. 7,
   2013) ....................................................................................................................... 6, 7, 8, 10

*Serrano v. I. Hardware Distribs.*, Inc.,
   No. 14-cv-2488 (PAC), 2015 U.S. Dist. LEXIS 97876 at *7 (S.D.N.Y. July
   27, 2015) ..................................................................................................................7, 8

*Shi Ming Chen v. Hunan Manor Enter.*,
   No. 17-cv-802 (GBD), 2018 U.S. Dist. LEXIS 29599 at *24 (S.D.N.Y. Feb.
   15, 2018) ..................................................................................................................7, 11

*Williams v. City of* New *York*, 2005 U.S. Dist. LEXIS 26143, at *5 (S.D.N.Y.
   Nov. 1, 2005) ..................................................................................................................2

*Wolman v. Catholic Health*,
   853 F. Supp. 2d 290 (E.D.N.Y. 2012) ............................................................................5

*Xue Lian Lin v. Comprehensive Health Mgmt.*,
   2009 U.S. Dist. LEXIS 29779 (S.D.N.Y. Apr. 8, 2009) ..............................................3, 4

*Zheng v. Liberty Apparel Co.*,
   355 F.3d 61 (2d Cir. 2003) ............................................................................................4, 6

**STATUTES**

Fair Labor Standards Act .............................................................................................. passim

New York Labor Law ................................................................................................... passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8(a)(2) ..............................................................................3

Federal Rule of Civil Procedure 12(b)(6) ....................................................................1, 2, 3

Defendants ECI Contracting, LLC d/b/a ECI Services ("Defendant ECI") and Kieran Keaveney ("Defendant Keaveney") (collectively, "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Amended Complaint ("Complaint") pursuant to Rules 12(b)(6) and/or 8 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs fail to state a claim against Defendants under either the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL") because, quite simply, Defendants never employed Plaintiffs, and Plaintiffs do not assert sufficient particularized facts to the contrary. The Complaint alleges that the Plaintiffs worked for Defendants at a construction site located at 164 West 74th Street (the "74th Street Site"). However, the Complaint lacks sufficient particularized facts detailing the alleged employment relationship between Defendants and Plaintiffs (there is none). Almost every allegation put forward by Plaintiffs against Defendants does not pertain to the Plaintiffs themselves but to "workers" or "employees" who allegedly worked at the 74th Street Site. Rather than seeking to assert allegations that Defendants exercised any control over Plaintiffs themselves—which Defendants did not—Plaintiffs rely on irrelevant assertions that do not relate to the individuals who are bringing the claims. Such factually insufficient allegations do not satisfy the *Iqbal*/*Twombly* pleading standard. As a result, Plaintiffs' claims against Defendants merit dismissal.

## SUMMARY OF ALLEGATIONS

Plaintiffs bring this action for alleged unpaid wages, arising out of the work they allegedly performed at the 74th Street Site in New York City during the period between April 2018 and June 2018. Compl. ¶¶ 1-12, 18-28. Plaintiffs worked as carpenters, rebar workers, and construction workers. Compl. ¶¶ 2-12. They claim that they were employed by Defendants Real Innovative Construction, LLC, ("Defendant Real Innovative Construction"), Andy Morales and Carlos

1

Morales, in addition to Defendants ECI and Kieran Keaveney.  Compl. ¶ 1.

Plaintiffs allege that Defendants, as well as the other named corporate and individual Defendants, were their employers under the FLSA and NYLL and violated the FLSA and NYLL by allegedly: (i) failing to pay overtime; (ii) failing to pay full wages; and (iii) failing to provide Plaintiffs with required notices and wage statements under NYLL Section 195.  Compl. ¶¶ 167-191.  Although Plaintiffs allege that Defendants employed them—and state as such in conclusory fashion in the Complaint (*see generally* Compl. ¶¶ 2-12)—they offer only scant and conclusory claims describing the actual relationship between Plaintiffs and Defendants.  Instead, Plaintiffs try to artificially bolster their complaint by filling it with allegations that do not pertain to the actual individuals bringing the claim. Thus, the Complaint lacks the necessary detail to establish Plaintiffs' claim that Defendants employed them.[1]

## ARGUMENT

**I. LEGAL STANDARD**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *See Williams v. City of* New *York*, 2005 U.S. Dist. LEXIS 26143, at *5 (S.D.N.Y. Nov. 1, 2005) (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, legal conclusions "must be supported by factual allegations." *Id.* at 679.  Thus, to survive a motion to

---

[1] To be clear, no such employment relationship exists.  While for purposes of this motion Defendants cannot introduce evidence from outside the Complaint, they note that they did not hire, schedule, pay, discipline or in any way supervise any of the Plaintiffs.  Rather, as the general contractor for the 74th Street Site, Defendants engaged a subcontractor to provide the labor for the site.  That subcontractor then subcontracted with Defendant Real Innovative Construction, who hired the workers.  Thus, Defendants were two levels removed from Plaintiffs and had no control over them at any time during the relevant period.

dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 557. Unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *see also Iqbal*, 556 U.S. at 680. Here, as discussed below, Plaintiffs have failed to satisfy this standard.

## II. PLAINTIFFS' AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST DEFENDANTS UNDER THE FLSA OR NYLL.[2]

### A. Plaintiffs' Amended Complaint Fails to Allege Facts Sufficient to State a Claim That Defendants Were Their Employer or Joint Employer.

#### i. Employer Standard Under the FLSA and NYLL.

To be held liable under the FLSA, a person, or entity must be found an "employer." 29 U.S.C. § 203(d). An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). Under the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the

---

[2] The analysis of whether a defendant constitutes an employer is the same under both the FLSA and NYLL. *See Xue Lian Lin v. Comprehensive Health Mgmt.*, 2009 U.S. Dist. LEXIS 29779, at *5-6 (S.D.N.Y. Apr. 8, 2009).

3

'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 at *3 (S.D.N.Y. Dec. 6, 2012). The economic reality test generally considers four relevant factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employee work schedules or schedules of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman*, 172 F.3d at 139 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)); *see also Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *7 (holding that failure to "allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment" required dismissal of FLSA claims against such Individual Defendants).

The economic reality test is useful because "when an entity exercises those four prerogatives, that entity, in addition to any primary employer, must be considered a joint employer." *Zheng v. Liberty Apparel Co.,* 355 F.3d 61, 67 (2d Cir. 2003). Alternatively, an entity may functionally control workers even when it does not formally control them. *See Zheng,* 355 F.3d at 67 (2d Cir. 2003). The Second Circuit analyzes functional control through a six-part test: "(1) whether [Defendants'] premises and equipment were used for the plaintiffs' work; (2) whether [Defendants] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [Defendants'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [] Defendants or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [] Defendants." *Id.* The formal and functional tests for

4

employment are non-exhaustive and not "rigid rule[s]." *Barfield v. N.Y.C. Health and Hosps. Corp.,* 537 F.3d 132, 143 (2d Cir. 2008).

Courts in this District have repeatedly recognized that "companies that are part of an 'integrated enterprise' or 'engaged in a joint venture' may nevertheless employ separate people and, *absent control*, are not liable for the separate employees of joint ventures." *Lopez*, 2012 U.S. Dist. LEXIS 173290, at *4 (emphasis added) (citing *Cannon v. Douglas Elliman, LLC*, No. 06 Civ 7092 (NRB), 2007 U.S. Dist. LEXIS 91139, at *10-11 (S.D.N.Y. Dec. 10, 2007)); *see, e.g.*, *Sampson v. MediSys Health Network, Inc.*, No. 10 Civ. 1342, 2012 U.S. Dist. LEXIS 103052, at *12 (E.D.N.Y. July 24, 2012) (holding that although plaintiffs' allegations "may suggest some kind of affiliation among the defendants," they were insufficient to allege a joint employer relationship); *Wolman v. Catholic Health*, 853 F. Supp. 2d 290, 298 (E.D.N.Y. 2012) (holding that allegations "which perhaps establish[] some general commonalities between Defendants" do not establish control such that joint employment is adequately plead); *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 08148 (LAP), 2010 U.S. Dist. LEXIS 107722, at *10 (S.D.N.Y. 2010) (holding that allegations which "only shows that defendants shared a common goal" cannot qualify defendants as joint employers).

### ii. Plaintiffs do Not Allege Facts to Satisfy the Employer Standard as to Defendants.

This Court's rulings are clear that, to sustain a plausible claim under the FLSA and NYLL, Plaintiffs must assert particularized allegations detailing the relationship of control between Defendants and them. For example, in *Lopez*, plaintiffs sought unpaid overtime wages from several corporate defendants under the FLSA and NYLL. 2012 U.S. Dist. LEXIS 173290, at *1. The *Lopez* Plaintiffs alleged that all of the corporate defendants (1) were under common control, (2) operated from a single facility and shared key employees, including a bookkeeper, an

5

accountant, and a general manager, and (3) shared a common clientele and worked for the common purpose of providing a full range of services to companies with commercial kitchens. *Id.* at *10. In granting a motion to dismiss the corporate entities, this Court found that "[a]lthough they allege an 'integrated enterprise,' Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants *and themselves*." *Id.* at *11 (emphasis added). Because the plaintiffs did not allege any particularized facts which demonstrated that the "economic reality" of the relationship between the plaintiffs and the corporate defendants was one of control, the court held that plaintiffs did not state an FLSA claim against the corporate defendants and dismissed the complaint as asserted against them. *Id.* at *12-14. The Court also found the pleadings insufficient to establish that the affiliated corporate defendants exercised functional control over the plaintiffs. *Id.* For instance, the *Lopez* plaintiffs did not allege that any of the corporate defendants supervised or controlled their work schedules, or allege facts proving functional control under the Second Circuit's six-part *Zheng* test described above.

Similarly, in *Santana v. Fishlegs, LLC*, the plaintiffs asserted claims for unpaid wages and overtime against seven corporate restaurant defendants, five of which never employed them. No. 13 Civ 01628 (LGS), 2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov. 7, 2013). Even so, the plaintiffs alleged the seven corporate defendants were a single integrated enterprise with shared ownership, operations, marketing, recruiting, employment methods and human resources personnel. *Id.* at *12. Despite these allegations, the Court dismissed the five corporate defendants that never employed the plaintiffs, finding the single integrated enterprise doctrine inapplicable based on insufficient particularized allegations of common control of labor management, common management, or common financial control. *Id.*

In *Serrano v. I. Hardware Distribs., Inc.*, No. 14-cv-2488 (PAC), 2015 U.S. Dist. LEXIS 97876 at *7 (S.D.N.Y. July 27, 2015), Judge Crotty dismissed claims under the FLSA against two individually named hardware store owners after concluding the plaintiffs failed to allege facts to satisfy the economic realities test. The *Serrano* complaint asserted that the individual defendants "'had the power to (i) fire and hire, (ii) determine the rate and method of pay and (iii) otherwise affect the quality of employment,'" *Id.*  Regardless, the *Serrano* Court found that plaintiffs' "boilerplate allegations" could not meet the economic reality test and "fail[ed] to raise [p]laintiffs' right to relief 'above a speculative level.'" *Id*. (citing *N.Y. State Court Clerks Ass'n v. Unified Court Sys. of N.Y.*, 25 F. Supp. 3d 459 (S.D.N.Y. 2014)). *See also Shi Ming Chen v. Hunan Manor Enter.*, No. 17-cv-802 (GBD), 2018 U.S. Dist. LEXIS 29599 at *24 (S.D.N.Y. Feb. 15, 2018) (granting moving defendants' motion for judgment on the pleadings and holding that "[p]laintiffs' attempt to simply lump all seventeen [d]efendants together into one allegation—without any accompanying facts to support the inference that [m]oving [d]efendants had the power to control [p]laintiff—is insufficient to satisfy the *Twombly*/*Iqbal* pleading standard"); *Nakahata v. N.Y.-Presbyterian Healthcare Sys.,* 11-cv-6658 (PAC), 11-cv-6657 (PAC), 11-cv-6366 (PAC), 2012 U.S. Dist. LEXIS 127824 at * 34 (S.D.N.Y. Sep. 6, 2012) (granting defendants motion to dismiss and holding that "[p]laintiffs have not…shown that [defendants] had the power to hire and fire named plaintiffs, or actually supervised and controlled their work, determined their rate of pay, or maintained employment records.").

Similar to *Lopez, Santana*, and *Serrano*, Plaintiffs here fail to present specific particularized allegations that relate to Defendants being their employer or employers. The entirety of the allegations in the Complaint tying Defendants to Plaintiffs—as opposed to other unidentified workers at the worksite—consist of:

7

- "Defendant KIERAN KEAVENEY would be present on the job site approximately three (3) times per week to check on the status of the project." Compl. ¶ 61;
- "Defendant KIERAN KEAVENEY would tell the workers, including the Plaintiffs, what needed to be done or corrected on the job sites." Compl. ¶ 62;
- "Defendant KIERAN KEAVENEY told the workers, including the Plaintiffs, that he would provide certain tools if they needed them and instructed them on what tools to use." Compl. ¶ 63;
- "Defendant KIERAN KEAVENEY would deliver the paychecks to Defendants CARLOS MORALES and ANDY MORALES for them to distribute to Plaintiffs on the job site." Compl. ¶ 72;
- "During all relevant times herein, Defendant KIERAN KEAVENEY was Plaintiffs' employer within the meaning of the FLSA and NYLL." Compl. ¶ 74.

Just as in *Lopez, Santana*, and *Serrano*, although Plaintiffs allege that all of the named Defendants—including Defendant ECI, and Defendant Keaveney—are joint employers, they fail to plead, as they must under the FLSA and NYLL, sufficient particularized facts which show a relationship of control between Defendants and themselves.  The "fundamental" question is whether *each* defendant had the ability to control Plaintiffs' employment.  *See Lopez*, 2012 U.S. Dist. LEXIS 173290, at *11 ("[a]though they allege an "integrated enterprise," [p]laintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the … [d]efendants and themselves."); *Sampson*, 2012 U.S. Dist. LEXIS 103052, at *12 (dismissing FLSA claims against those defendants which plaintiffs failed to allege "had any direct role in hiring or firing the plaintiffs . . . supervised or controlled their work schedules . . . [or] had any direct role in controlling the plaintiffs' conditions of employment or determining their rate and method of payment"); *Diaz*, 2010 U.S. Dist. LEXIS 107722, at *10 (dismissing FLSA claims against defendants because "[t]he complaint contains no facts that indicate that [the defendant] had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records" to demonstrate that defendants were plaintiffs' employer).

Plaintiffs do not set forth sufficient allegations to establish that Defendants exercised

8

control over the terms and conditions of *Plaintiffs'* employment.  *See, e.g., Cannon*, 2007 U.S. Dist. LEXIS 91139, at *12 (dismissing FLSA claims and holding that "beyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [the alleged employer] did, in fact, play a role in supervising plaintiffs' work").  Rather, Plaintiffs seek to group Defendant ECI and Defendant Keaveney with the other named Defendants by referring to them collectively as "Defendants" but without articulating with specificity the allegations related to each Defendant.  The Complaint merely alleges Plaintiffs were the employees of every single Defendant and proceeds to make allegations that only pertain to Defendant Real Innovative Construction, without providing any distinction between each Defendant or setting forth any adequate specific facts about Defendants.  The appropriate inquiry is not whether there is some sort of affiliation between entities, but whether Defendants controlled Plaintiffs' employment.  The answer to that question is critically "no."

   Plaintiffs do not assert a single factual allegation suggesting that they have any knowledge whatsoever about the employment practices or policies employed by Defendants.  Nor do Plaintiffs claim (and cannot claim) that Defendants hired or fired them, controlled their work schedules, determined their rate and method of payment, or maintained their employment records.  Because Plaintiffs cannot claim that they were subject to the control of Defendants, they instead resort to allegations that Defendant Keaveny had the power to hire and fire "workers," establish and pay workers' wages, set workers' schedules, and maintain workers' employment records. Compl. ¶ 73.  These boilerplate allegations—that conspicuously do not pertain to Plaintiffs—cannot form the basis of an actionable claim.  *See Nakahata*, 2012 U.S. Dist. LEXIS 127824 at * 34.

   The few allegations that are specific to Plaintiffs are insufficient to satisfy the pleading standard for an employer relationship under the FLSA and NYLL.  Reviewed in their entirety,

Plaintiffs merely allege that Defendant Keaveney was on site up to three times per week, that he made comments about things that needed to be fixed at the worksite, and that he delivered money to Carlos and Andy Morales—Plaintiffs' actual employers—to be distributed to Plaintiffs. Compl. ¶¶ 62-63, 72, 74. These allegations are entirely consistent with the true nature of Defendants' role at the worksite, which was one of a general contractor. Defendant Keaveney's occasional presence at the worksite—and comments about the quality of the work performed—cannot form the basis of an employment relationship sufficient to sustain a claim.

Further, Defendants did not exercise functional control over the Plaintiffs. Plaintiffs merely restate the functional control factors listed in *Zheng* with nothing more. Plaintiffs allege that Defendants exercised some sort of control, but do not allege that Defendants exercised it over them specifically. Plaintiffs allege that Defendants had some relation to "workers" or to "employees" but, critically, provide scant allegations about the control Defendants had over Plaintiffs themselves. Plaintiffs' "workers were told" language amounts to no more than allegations based on information and belief and falls woefully short of the pleading standard set forth in *Twombly*. Plaintiffs conspicuously do not even allege that they themselves were told this information.

Plaintiffs have also failed to plead, as they must under the FLSA and NYLL, sufficient, particularized facts which show any functional relationship between Defendants and themselves. *See Lopez*, 2012 U.S. Dist. LEXIS 173290, at *12 (holding that complaint allegations alleging defendants shared a common bookkeeper, accountant, and general manager, absent more, could not state a cause of action under the FLSA against other entities that did not employ Plaintiffs); *Santana*, 2013 U.S. Dist. LEXIS 159530, at *23 (holding complaint allegations alleging Corporate Defendants shared ownership, operating, marketing, recruiting, employment methods and human

resources, without more, could not state a cause of action under the FLSA against other entities that did not employ Plaintiffs). Plaintiffs do not allege that Defendant ECI and Defendant Keaveney are connected in any way to any other Defendants aside from each other. Indeed, there are not allegations that Defendants and Defendant Real Innovative Construction—or any other named Defendant—had common ownership, shared managers, or were otherwise connected in any way that would be inconsistent with the contractor-sub (sub)-contractor relationship that existed. The only allegations serving to connect Defendants ECI and Keaveney with the rest of the named Defendants are Plaintiffs' self-serving statements grouping them all together as "Defendants." Plaintiffs' conclusory allegations are inadequate to survive dismissal at the pleading stage.

Put simply, the Complaint lacks the necessary particularized factual allegations, linking Defendants to Plaintiffs, as opposed to "workers" in general. Plaintiffs futilely try to solve this problem through a spate of boilerplate allegations which lump all named Defendants together. *See generally* Compl. ¶¶ 1-12, 18-28, 167-191. These allegations, however, cannot form the basis of an actionable claim. *See Shi Ming Chen*, 2018 U.S. Dist. LEXIS 29599 at * 24.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request: (i) that Plaintiffs' Amended Complaint be dismissed against them, with prejudice, in its entirety for failure to state a claim; and (ii) any further relief that the Court deems just and appropriate.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000
Adam.Gross@jacksonlewis.com

Dated: July 12, 2019     By:   /s *Adam S. Gross*
      New York, New York         Adam S. Gross
                                         Godfre O. Blackman

                                         ATTORNEYS FOR DEFENDANTS *ECI CONTRACTING, LLC, AND KIERAN KEAVENEY*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2019, the enclosed **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' ECI CONTRACTING, LLC'S, AND KIERAN KEAVENEY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) AND/OR 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service, upon the following parties and participants:

Roman Avshalumov, Esq.
Helen F. Dalton & Associates, P.C.
*ATTORNEYS FOR PLAINTIFFS*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, N.Y. 11415

/s *Adam S. Gross*
Adam S. Gross, Esq.

4819-5072-0924, v. 4