```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ELIHU ROMERO; SAMUEL LEON; NELSON ELIAS DIAZ; FRANCISCO TENEZACA; FRANCISCO AGUILAR; FERNANDO OLEA; JHON SPENCER; REYNALDO ARIZA BARRIOS; SERGIO AVILA LOPEZ; FERNANDO ARELLANO; and GREBIL MORENO, individually and on behalf of all others similarly situated,

                             Plaintiffs,

                             -against-

REAL INNOVATIVE CONSTRUCTION, LLC; ECI CONTRACTING, LLC; and ANDY MORALES; CARLOS MORALES; and KIERAN KEAVENEY, as individuals,

                             Defendants.
-------------------------------------------------------------- X

18-CV-7424 (VEC)

ORDER

**VALERIE CAPRONI, United States District Judge:**

      This is a putative class action brought by construction workers against two construction or contracting companies and their principals for unpaid wages, unpaid overtime compensation, and failure to receive wage notices under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Am. Compl. (Dkt. 44). The claims in this case center entirely around a construction site located at 164 West 74th Street where Plaintiffs allegedly worked from April 2018 through May or June 2018. *Id.* ¶¶ 18–28.

      On July 12, 2019, Defendants ECI Contracting, LLC and its owner and manager Kieran Keaveney ("Moving Defendants") moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). Mot. (Dkt. 52). Moving Defendants argue that the Amended Complaint fails to allege that they ever employed Plaintiffs, and so they cannot be held liable for alleged FLSA and NYLL violations. Defs.' Mem. of Law (Dkt. 53) at 1.

On September 12, 2019, this Court referred the instant motion to Magistrate Judge Lehrburger for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b), as well as for all pretrial proceedings. Order (Dkt. 64). On January 13, 2020, Judge Lehrburger issued his Report and Recommendation ("R&R") to this Court recommending denial of the motion. R. & R. (Dkt. 67). Moving Defendants were required to file any objections to Judge Lehrburger's recommendation within 14 days of January 13, 2020. *Id.* at 13. Twenty-one days have elapsed as of the date of that Order, and the Court has received no objection to the R&R or any other response from Moving Defendants.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Because the Court finds that Judge Lehrburger has committed no clear error, the Court adopts his recommendation that the motion to dismiss be denied. Moving Defendants' motion presents one issue—whether Plaintiffs have adequately alleged that Moving Defendants employed them at the 164 West 74th Street construction site. Whether a person is an "employer" within the meaning of FLSA and NYLL depends on whether the person exercised "operational control" over the employee. *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018). Courts must assess this question "with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quotation omitted). At

least four factors, none dispositive, inform whether a person is an employer: "[w]hether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Tapia*, 906 F.3d at 61 (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)). Here, Judge Lehrburger found that Plaintiffs' allegations are sufficient to plausibly allege that Moving Defendants were Plaintiffs' "employers"—in particular, the Amended Complaint includes allegations that Moving Defendants could hire and fire Plaintiffs, and that Moving Defendants supervised Plaintiffs' work schedules and conditions of employment. R. & R. at 9–13. After careful review, the Court finds no clear error in this conclusion.

## CONCLUSION

This Court ADOPTS the R&R in its entirety. Moving Defendants' motion to dismiss is DENIED. Moving Defendants' failure to file an objection to the R&R operates as a waiver of appellate review because the R&R contained a notice that failure to object within 14 days would preclude appellate review. *See* R&R at 13; *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk of Court is respectfully directed to close the open motion at docket entry 52.

**SO ORDERED:**

**February 3, 2020**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**