UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/2021

-------------------------------------------------------------X

ELIHU ROMERO; SAMUEL LEON; NELSON       :
ELIAS DIAZ; FRANCISCO TENEZACA;         :
FRANCISCO AGUILAR; FERNANDO OLEA;       :
JHON SPENCER; REYNALDO ARIZA            :         18-CV-7424 (VEC)
BARRIOS; SERGIO AVILA LOPEZ;            :
FERNANDO ARELLANO; and GREBIL           :         ORDER
MORENO, individually and on behalf of all    :
others similarly situated,                   :
                                             :
                              Plaintiffs,    :
                                             :
               -against-                     :
                                             :
REAL INNOVATIVE CONSTRUCTION, LLC;       :
ANDY MORALES; and CARLOS MORALES,        :
                                             :
                              Defendants.    :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        This is a putative class action brought by construction workers against two construction

or contracting companies and their principals for unpaid wages, unpaid overtime compensation,

and failure to receive wage notices under the Fair Labor Standards Act ("FLSA") and the New

York Labor Law ("NYLL").  *See* Am. Compl., Dkt. 44.  On September 12, 2019, the Court

referred this action to Magistrate Judge Lehrburger for all pretrial proceedings and for the

preparation of a Report and Recommendation on any dispositive motions, pursuant to 28 U.S.C.

§ 636(b).  Order, Dkt. 64.  On March 4, 2021, Judge Lehrburger approved a settlement

agreement among Plaintiffs and Defendants ECI Contracting LLC and Kieran Keaveney.  *See*

Dkt. 88.  The only Defendants remaining in this action after the parties' settlement are Carlos

Morales, Andy Garcia, and Real Innovative Construction (collectively "remaining Defendants").

Also on March 4, 2021, Judge Lehrburger granted remaining Defendants' counsel's motion to

withdraw and instructed the individual Defendants to obtain new counsel or be deemed *pro se* and ordered the corporate Defendant to obtain new counsel or face default.  *See* Dkt. 89.

On June 1, 2021, after no counsel had appeared for any of the remaining Defendants, Judge Lehrburger ordered Plaintiffs to file for default judgment against the corporate Defendant or to otherwise update the Court on the status of the case by June 4, 2021.  *See* Dkt. 92. Plaintiffs failed to respond to Judge Lehrburger's June 1 order.  On June 15, 2021, Judge Lehrburger ordered Plaintiffs to show cause not later than June 22, 2021, why this case should not be dismissed for failure to prosecute.  *See* Dkt. 93.  Again, Plaintiffs failed to respond to Judge Lehrburger's order.

On June 30, 2021, Judge Lehrburger issued a Report and Recommendation ("R&R") to this Court recommending that the case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  R&R, Dkt. 95.  Plaintiffs were required to file any objections to Judge Lehrburger's R&R within 14 days of June 30, 2021.  *Id.* at 4.  As of the date of this order, no objections have been filed to the R&R; Plaintiffs did, however, file a notice of voluntary dismissal as to the remaining Defendants, without prejudice, on the same date that Judge Lehrburger issued the R&R.  *See* Dkt. 96.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Because the Court finds that Judge Lehrburger has committed no clear error, the Court adopts his recommendation that this case be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Court writes briefly to note that it finds no issue in adopting the R&R, dismissing the case *with prejudice*, notwithstanding Plaintiffs having filed a stipulation of voluntary dismissal *without prejudice*. "Voluntary dismissal without prejudice is . . . not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). In this circuit, courts tend to refrain from granting a voluntary dismissal without prejudice either where "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit," or where the "*Zagano* factors" weigh in favor of denying a plaintiff's request for voluntary dismissal without prejudice. *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (cleaned up). The *Zagano* factors include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Id.*

The Court finds that the *Zagano* factors weigh in favor of denying Plaintiffs' last-minute request to voluntarily dismiss the case without prejudice. Since settling with the other Defendants in March 2021, Plaintiffs have failed entirely to prosecute this case. Plaintiffs waited until dismissal with prejudice appeared all but certain and wasted judicial time and resources by failing to respond to Judge Lehrburger's orders. To the extent Plaintiffs sought to dismiss without prejudice for any valid reason, they could, and should, have informed Judge Lehrburger at some point in the preceding months before he issued an R&R recommending a with-prejudice dismissal. To date, Plaintiffs still have not provided any justification for dismissing the case

without prejudice three years into the litigation.  In short, Plaintiffs' motion is a transparent attempt to avoid a with-prejudice dismissal in the event that continuing to litigate this case at a later date against the remaining Defendants, some of whom are presently in bankruptcy, again becomes a potentially profitable endeavor.  Accordingly, the Court has no qualms rejecting Plaintiffs' attempt to dismiss this case without prejudice and adopting Judge Lehrburger's R&R.

## CONCLUSION

This Court ADOPTS the R&R in its entirety.  Plaintiffs' motion to dismiss without prejudice is DENIED, and this case is DISMISSED WITH PREJUDICE.  Plaintiffs' failure to file an objection to the R&R operates as a waiver of appellate review because the R&R contained a notice that failure to object within 14 days would preclude appellate review.  *See* R&R at 4; *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk of Court is respectfully directed to terminate all open motions and to close this case.

**SO ORDERED.**

Date:  **August 9, 2021**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**